United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>KEVIN SINGER, ET AL.,<br><br>    Defendants. | No. 3:14-cv-03250-CRB<br><br>**ORDER DENYING EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

Plaintiff Archibald Cunningham seeks the immediate issuance of a temporary restraining order preventing Defendants from enforcing any of three writs of possession issued by the state court. See Mot. TRO (dkt. 48). At least two previous scheduled evictions were stayed pending Cunningham's filing of a Claim of Right to Possession, which was denied by San Francisco County Superior Court on October 29, 2014. See Mot. TRO Ex. A. According to Cunningham, the San Francisco Sheriff's Department has therefore scheduled the next eviction date as soon as November 5, 2014. In addition to the instant motion, currently pending before this Court for future hearings are Cunningham's motion for a preliminary injunction (dkt. 47) and motion for leave to file a second amended complaint (dkt. 46), as well as Defendants' motion to dismiss (dkt. 29) and motion to declare Cunningham a vexatious litigant (dkt. 23).

The underlying dispute stems from Cunningham's breaches of a Tenancy in

Common Agreement he had with defendants Michael Coombs and Tamara Woods, which resulted in a state court arbitration judgment against Cunningham. See RJN (dkt. 31) Ex. 9, 10, 13. After repeated unsuccessful attacks on the judgment and appeals thereof, and having been declared a vexatious litigant in the state courts, Cunningham has filed multiple federal actions collaterally attacking the state court judgments and naming various state court judges and justices as defendants. See RJN Ex. 5, 6, 17, 18.

The standard for issuing a temporary restraining order is well established: the party seeking relief must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent relief; (3) the balance of equities tips in its favor; and (4) the requested relief is in the public interest. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "[I]njunctive relieve [is] an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." Id. at 22.

Here, Cunningham has not demonstrated a likelihood of success on the merits because, among other reasons, he is seeking to relitigate issues that have already been decided in state court. This court is bound to give full faith and credit to the judgments of the state courts, 28 U.S.C. § 1738, and is forbidden from taking an appeal from state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Moreover, judges enjoy absolute immunity unless very narrow exceptions, not relevant here, are met. See Ashelman v. Pop, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc). Accordingly, Cunningham has not met his burden of establishing his entitlement to the requested "extraordinary relief," and the Court DENIES his motion for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: November 4, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE