IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARCHIBALD CUNNINGHAM,

    Plaintiff,

  v.

KEVIN SINGER, JOHN SCOTT MCKAY, MICHAEL COOMBS, TAMARA WOODS, DONALD EVANS QUIDACHAY, LILLIAN SING, MING LEE, T. MICHAEL YUEN, CANTIL SAKAUYE, ANTHONY KLINE, JAMES RICHMOND, RECEIVER SPECIALISTS, and A. JAMES ROBERTSON, II,

    Defendants.
                               /

No. C 14-03250 WHA

**ORDER RE DEFENDANTS' MOTIONS TO DISMISS, DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS, PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT, AND PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

## INTRODUCTION

In this action, defendants Singer, McKay, Coombs, and Woods move to dismiss the operative complaint for failure to state a claim and for lack of subject-matter jurisdiction, to declare plaintiff a vexatious litigant, and to expunge lis pendens. Plaintiff moves for a preliminary injunction and moves to amend his complaint. To the extent stated below, defendants' motion to dismiss is **GRANTED** and the complaint is **STRICKEN**. Defendants' motion to declare plaintiff a vexatious litigant is **GRANTED**. Defendants' motion to expunge lis pendens is **GRANTED**. Plaintiff's motions for a preliminary injunction and to amend his complaint are **DENIED**.

## STATEMENT

Plaintiff Archibald Cunningham is an attorney and member of the California bar who has previously been designated a vexatious litigant by the San Francisco Superior Court. Defendants

are Michael Coombs and Tamara Woods (who formerly engaged in a tenancy in common agreement with plaintiff), Scott McKay, their lawyer, Kevin Singer, a court-appointed receiver, and several California state court judges and officers who have issued rulings against Cunningham.

This case arises from an underlying state court proceeding in which plaintiff sued defendants Coombs, Woods, and McKay for fraud, deceit, breach of contract, and declaratory relief. After a dispute arose relating to a tenancy in common agreement between the parties, defendant Coombs commenced an arbitration. After an arbitration award was issued, Cunningham appealed and lost in state court. He then filed a second state court action, collaterally attacking the judgment in the first action and suing the judges who issued the orders dismissing Cunningham's first case. When that was dismissed, Cunningham filed three appeals and was denied each time. He was then declared a vexatious litigant by the San Francisco Superior Court (First Amd. Compl. ¶¶ 14, 47–49).

Next, Cunningham filed a federal action alleging essentially the same claims. *Archibald Cunningham v. John Scott McKay, et al.*, No. 13-cv-04627, 2014 WL 129645 (N.D.Cal. 2014) (Judge William Orrick). Judge Orrick dismissed Cunningham's claims, without leave to amend.

Now, Cunningham has filed this suit in federal court. He sues the same non-judicial defendants as he had in previous actions, along with several state court judges who adjudicated his prior claims. This latest claim relates to the efforts of a court-appointed receiver, who was appointed after the Cunningham's first unsuccessful state court action, to enforce a judgment of the court and sell Cunningham's condo.

The nub of Cunningham's latest complaint is that the receiver in the state court proceeding, Kevin Singer, who was appointed to sell defendant's condo under the state court judgment against Cunningham in 2011, practiced law without a license and thus violated plaintiff's constitutional and civil rights. After the state court appointed Singer as the receiver, Singer filed a motion with the state court, on his own behalf as receiver, seeking instructions from that court on moving forward with his duties. After a hearing in which Cunningham participated, the state court granted Singer a writ of possession. Plaintiff argues the filing of this

motion constituted an unauthorized practice of law and violated his constitutional and civil rights. Plaintiff further alleges that the other defendants named in the complaint conspired with Singer to help him practice law without a license, and thus also violated his constitutional and civil rights (First Amd. Compl. ¶¶ 1–8, 57–66).

The operative complaint alleges the following eight claims: (1) violation of constitutional and civil rights under Section 1983 in relation to all defendants engaging in a conspiracy against plaintiff; (2) violation of plaintiff's constitutional rights and Section 1983 in relation to the underlying judgment of possession; (3) violation of Section 1983 also in relation to the underlying judgment and property; (4) violation of plaintiff's constitutional rights and Section 1983 against the judicial defendants for violating the separation of powers clause; (5) violation of plaintiff's constitutional rights and Section 1983 in relation to defendants allegedly allowing court receivers to practice law without a license; (6) wrongful eviction; (7) intentional infliction of emotional distress; and (8) declaratory and injunctive relief related to the above seven claims.

The short answer is that the state court system is perfectly capable of adjudicating the claims listed above and if the trial judge there errs in some manner, then it can be corrected on appeal. The present claims should have been submitted in state court. Federal court is not a super appellate court meant to supervise the conduct of the state court system. Nevertheless, this order will go through each of plaintiff's claims to show that they are meritless.

**ANALYSIS**

**1. JUDICIAL NOTICE.**

Defendants request judicial notice of Exhibits 1–32 and Exhibits A–F. Plaintiff has not opposed. Plaintiff requests judicial notice of Exhibits A–L. Many of these exhibits overlap. This order only relies on defendants' Exhibits 1–8, 11, 12, 14, and Exhibits A, B, E, and F. All of these are documents that have been publicly filed in state and federal court.

A court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately

3

1  and readily determined from sources whose accuracy cannot reasonably be questioned" FRE
2  201(b).

3  Accordingly, defendants' requests for judicial notice of Exhibits 1–8, 11, 12, 14, and
4  Exhibits A, B, E, and F are **GRANTED**.  Because this order need not consider any other
5  documents for which defendants and plaintiff request judicial notice, those requests for judicial
6  notice are **DENIED AS MOOT**.

### 2. PLAINTIFF'S CLAIMS.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  Rule 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

#### A. Plaintiff's First Claim.

Plaintiff's first claim for relief sets the foundation for all of his other claims — that Singer engaged in the unauthorized practice of law without a license by filing a motion to obtain possession of Cunningham's condo, and that the other defendants conspired with him to help him do so.

Plaintiff's first claim fails because federal law does not regulate the practice of law.  That is a matter left to the state courts.  If California wishes to allow non-lawyers to be receivers, fine — there is no violation of the Constitution.  By analogy, law enforcement officers need not be lawyers.  When they arrest someone, it does not violate the Constitution because in some vague way, an arrest resembles the practice of law.  This claim is **DISMISSED**.

#### B. Plaintiff's Second Claim.

Plaintiff's second claim alleges that defendants Singer, McKay, Coombs, and state court Judge Donald Quidachay violated his civil and constitutional rights because they denied plaintiff notice and an opportunity to be heard before he could be evicted from his condo.  Plaintiff asserts that his constitutional rights were violated because no unlawful detainer action was waged against him.  Plaintiff also argues that his right to a jury trial was violated.

4

Plaintiff again fails to allege any facts showing any lack of proper notice, or deprivation of any opportunity to be heard by written or oral argument. Moreover, unlawful detainer statutes are inapplicable to this case, as they only concern possession rights specifically as between landlords and tenants. *See* CCP Section 1161. Here, the procedure at issue was a post-judgment order, for a writ of possession, allowing the court-appointed receiver to sell the condo. It did not involve a landlord/tenant relationship. Plaintiff also had no right to a jury trial in this instance because the motion in question was a post-judgment motion to enforce an already entered judgment.

In his opposition, plaintiff only addressed defendants' arguments in relation to his first claim. He did not oppose dismissal of his latter seven claims.

Plaintiff does not allege sufficient facts or detail to make out a plausible constitutional or Section 1983 claim. It is incredibly difficult to discern from the complaint exactly what plaintiff alleges even occurred, and even more difficult to detect any plausible claim from the complaint. Plaintiff's second claim is thus **DISMISSED**.

### C. Plaintiff's Third Claim.

Plaintiff's third claim for relief alleges that defendants Singer, McKay, Coombs, and Quidachay violated his civil and constitutional rights by seeking a writ of possession instead of a contempt proceeding in the underlying state court case. Plaintiff had his day in court in the arbitration and lost all appeals therefrom. When that ran its course, the winner of the litigation was entitled to obtain a writ of possession. End of story. There was no need to gin up contempt proceedings. The Constitution does not hold otherwise. Plaintiff's third claim is **DISMISSED**.

### D. Plaintiff's Fourth Claim.

Plaintiff's fourth claim alleges that the judicial defendants violated the separation of powers clause by allowing Singer to engage in the unauthorized practice of law. For the reasons stated above, this claim is **DISMISSED**.

### E. Plaintiff's Fifth Claim.

Plaintiff's fifth claim alleges that the San Francisco Superior Court violated his constitutional rights by allowing Singer to engage in the unauthorized practice of law. This

5

again is derivative of plaintiff's first claim.  For the reasons stated above in the analysis of plaintiff's first and fourth claims for relief, plaintiff's fifth claim is **DISMISSED**.

### F. Plaintiff's Sixth Claim.

Plaintiff's sixth claims alleges wrongful eviction by defendants Singer, McKay, Coombs, and Quidachay.  Although plaintiff remains on the premises (as of now), such that the tort of wrongful eviction is premature, the more fundamental point is that plaintiff has had his day in court, has lost, has appealed, has lost those appeals, and now the time has come for him to do the honorable thing and obey the writ of possession awarding the premises to the other side.  The Constitution is in no way offended by this scenario.  Plaintiff's sixth claim does not state a claim for federal relief and is thus **DISMISSED**.

### G. Plaintiff's Seventh Claim.

Plaintiff's seventh claim alleges intentional infliction of emotional distress against all defendants based on the above alleged wrongs.  To make out a claim for intentional infliction of emotional distress, a plaintiff must allege:  (1) extreme and outrageous conduct with the intention of causing emotional distress; (2) the plaintiff suffered severe emotional distress; and (3) causation.  *Berkley v. Dowds*, 152 Cal. App. 4th 518, 533 (2007).

Appointing a receiver, whether or not licensed to practice law, is not outrageous conduct.  Plaintiff's seventh claim is **DISMISSED**.

### H. Plaintiff's Eighth Claim.

Plaintiff's eighth claim asks for declaratory relief because defendants have acted "wrongfully, unlawfully, and with deliberate indifference to the rights of plaintiff" and "have failed to acknowledge their improper, unlawful, and unconstitutional actions" (Compl. ¶¶ 124–25).  This claim is derivative of plaintiff's other claims and for the same reasons is **DISMISSED**.

### 3. DEFENDANTS' MOTION TO DECLARE ARCHIBALD CUNNINGHAM A VEXATIOUS LITIGANT.

Our court of appeals recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."  *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990) (quotation

6

omitted). A request to declare a party a vexatious litigant entails consideration of four factors: (1) the party must have had adequate notice and a chance to be heard; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

### A.    Notice and Opportunity to be Heard.

Where a motion to declare the plaintiff a vexatious litigant was filed and served on the plaintiff and the plaintiff had an opportunity to be heard opposing the motion, this requirement is satisfied. *Id.* at 1058. Here, defendants' motion provided plaintiff with notice and plaintiff has received an opportunity to be heard by filing his opposition along with speaking at the hearing held on January 8. Accordingly, this requirement has been satisfied.

### B.    Adequate Record.

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," but the court need not list every case in which the litigant has appeared. *Id.*, at 1059 (internal quotation omitted).

Plaintiff has filed at least twenty-one actions in connection with the underlying dispute between plaintiff and defendants Coombs and Woods. To date, these include two state court actions, two district court actions, a bankruptcy proceeding, ten proceedings in the state court of appeal, five proceedings in the California Supreme Court, plus one proceeding in the federal court of appeals. This has led to Cunningham being declared a vexatious litigant in state court, as he acknowledges. When Cunningham loses, he sues the judges and justices who ruled against him in subsequent litigation, as he has done in the present suit. Defendants have appended theses petitions, dockets, judgments, complaints, and appeals to their motion (First Amd. Compl. ¶ 14; RJN Exhs. 1–7; Exhs. A,B, E, F).

7

From the record of plaintiff's prior actions against defendant, listed above, and that established in the instant action, this order finds the record is adequate to conclude that plaintiff is a vexatious litigant.

### C. Frivolous and Harassing Nature of Plaintiff's Actions.

Under the third factor, courts must examine "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski,* 500 F.3d at 1059 (quotations omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Ibid.* (quotation omitted).

Because plaintiff has sued defendants multiple times in relation to basically the same set of events, this order finds there is a sufficient basis to conclude that plaintiff's litigation against defendants has been abusive and frivolous. Moreover, the fact that Cunningham continues to sue the judges and justices from his prior actions, as he has in this suit alleging that several state court judges conspired to violate his civil and constitutional rights, further bolsters this finding. The current suit is a perfect example. Without any factual basis, Cunningham alleges that the defendants all engaged in an elaborate conspiracy to violate his civil and constitutional rights.

Cunningham responds in his opposition to defendants' vexatious litigant motion that his claims have merit and are not frivolous. As discussed above, this order finds otherwise. He then spends a substantial portion of his opposition arguing that defendants' claims relating to legal fees are disingenuous and resorts to calling the present motion a "text-book case of ravenous fee-mongering by Mr. McKay" (Opp. 4).

Plaintiff has tried to relitigate the same issue over the course of twenty-one actions and appeals. These have included suing the judges and justices that have ruled against him multiple times. Enough is enough. This is vexatious in and of itself and is dispositive. This order finds that plaintiff intends to harass the defendants by filing multiple suits on the same subject matter.

### D. Narrowly-Tailored Order.

Orders "must be narrowly tailored to closely fit the specific vice encountered" *De Long*, 912 F.2d at 1148. This order finds that plaintiff is a vexatious litigant and that an appropriate

8

pre-filing review order is warranted. This is not a bar on bringing suits, but a pre-filing review. Plaintiff must submit to pre-filing review of any *pro se* complaint filed in the Northern District of California against Michael Coombs, Tamara Woods, Scott McKay, Kevin Singer, or any judicial or court officer relating to the property at 1487–1489 McAllister Street in San Francisco, or any subsequent dispute relating to that property. The Clerk shall then forward any complaints or notices of appeal submitted by plaintiff to the undersigned for pre-filing review. If the Court ascertains that the complaint or notice of appeal is duplicative or frivolous, it will not be filed and will be returned to plaintiff. If the Court finds that the proposed pleading meets the pleading standards, it will be given to the Clerk with instructions to file it.

To the extent stated above, defendants' motion to declare Archibald Cunningham a vexatious litigant is **GRANTED**.

### 4. DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS.

A lis pendens may be recorded when a pending action asserts a "real property claim." The purpose of a lis pendens is to put a purchaser, encumbrancer, or other transferee of the real property on notice of the pending action. Under Section 405.32 of the California Code of Civil Procedure, "the court shall order that the notice [of lis pendens] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."

Here, Cunningham has not established by a preponderance of the evidence the probable validity of any real property claim, or any of his claims for that matter. Defendants' motion to expunge Cunningham's lis pendens is thus **GRANTED**. Plaintiff's lis pendens is hereby expunged from the public record. Specifically, the lis pendens as to the property located at 1487–1489 McAllister Street, San Francisco, CA, 94115, recorded by plaintiff with the San Francisco Assessor-Recorder on November 13, 2014, is hereby **EXPUNGED FROM THE PUBLIC RECORD**.

### 5. PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION AND TO FILE A SECOND AMENDED COMPLAINT.

FRCP 15 states that after a party has amended its complaint once, it may only file an amended complaint with the opposing party's written consent or with the court's leave. The

9

court should freely give leave when justice so requires. For the reasons stated above, and based on this order's finding that plaintiff is a vexatious litigant, justice does not require giving plaintiff leave to amend his complaint. Plaintiff's motion for leave to amend is **DENIED**.

Plaintiff also moves for a preliminary injunction enjoining Singer from practicing law without a license and compelling all other defendants to take all actions necessary within their authority to implement the injunction against the unauthorized practice of law. For the reasons stated above, plaintiff's motion is **DENIED**.

**CONCLUSION**

To the extent stated above, defendants' motion to dismiss plaintiff's complaint for failure to state a claim is **GRANTED** and the complaint is **STRICKEN**. Defendants' motion to dismiss for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine is **DENIED AS MOOT**. Defendants' motion to declare Archibald Cunningham a vexatious litigant is **GRANTED**. Plaintiff shall be subject to the pre-filing review outlined above. Defendants' motion to expunge lis pendens is **GRANTED**. Plaintiff's lis pendens is hereby expunged from the public record. Specifically, the lis pendens as to the property located at 1487–1489 McAllister Street, San Francisco, CA, 94115, recorded by plaintiff with the San Francisco Assessor-Recorder on November 13, 2014, is hereby **EXPUNGED FROM THE PUBLIC RECORD**. Plaintiff's motion to amend his complaint is **DENIED**. Plaintiff's motion for a preliminary injunction is **DENIED**.

Because of the troubling professional nature of plaintiff's actions at the January 8 hearing, the **CLERK IS HEREBY ORDERED TO REFER ARCHIBALD CUNNINGHAM TO THE STATE BAR**. Additionally, in accordance with Civil Local Rule 11–6, the **CLERK SHALL REFER THIS MATTER TO THE NORTHERN DISTRICT OF CALIFORNIA'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT**.

**IT IS SO ORDERED.**

Dated: January 8, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE