**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEVIN SINGER, *et al.*,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　/ | No. C 14-03250 WHA<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT FOR FRAUD ON THE COURT** |

## INTRODUCTION

Following entry of judgment against him and denial of his motion for reconsideration long ago, plaintiff now moves to vacate the judgment for fraud on the court pursuant to FRCP 60(d)(3). Plaintiff's motion is **DENIED**.

## STATEMENT

Following a protracted series of abusive and frivolous lawsuits and appeals, plaintiff Archibald Cunningham brought the instant action in 2014. A previous order granted defendants' motions to dismiss and declared plaintiff a vexatious litigant (Dkt. No. 113). Judgment was entered against him the same day (Dkt. No. 114). Plaintiff then moved for reconsideration pursuant to FRCP 59(e) (Dkt. No. 116). The motion was denied (Dkt. No. 120). Now, almost two years later, plaintiff moves to vacate the judgment for fraud on the court pursuant to FRCP 60(d)(3) (Dkt. No. 126). Defendants John Scott McKay, Michael Coombs, and Tamara Woods oppose (Dkt. No. 127). Defendant Kevin Singer joins in the opposition.

**ANALYSIS**

Courts have inherent equity power to vacate judgments obtained by fraud. *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Subsection (d)(3) of FRCP 60, which governs relief from a judgment or order, states that the rule "does not limit a court's power to . . . set aside a judgment for fraud on the court." Not all fraud, however, is fraud on the court. *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). In determining whether fraud constitutes fraud on the court, the relevant inquiry is whether it harmed the integrity of the judicial process. *Stonehill*, 660 F.3d at 444 (quotations omitted). Fraud on the court must be shown by clear and convincing evidence. *Id.* at 443–44. Importantly, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court.'" *Stonehill*, 660 F.3d at 444 (quoting *Levander*, 180 F.3d at 1119).

Plaintiff's briefs narrate at length his grievances with long-ago state court proceedings in connection with his eviction. His motion essentially attempts to relitigate those grievances on their merits and puts up only a threadbare facade of Rule 60(d) analysis consisting primarily of unsupported accusations of fraud. The accusations connect to no actual allegations describing fraudulent conduct but rather function as mere buzzwords signifying plaintiff's disagreements with his opponents' actions and arguments. For example, plaintiff claims defendants committed fraud by using Section 568 of the California Code of Civil Procedure against him (Dkt. No. 126 at 7–8), taking steps to effectuate his eviction (*id.* at 10–16), and defending their legal positions against him during oral argument before the undersigned (*id.* at 16; Dkt. No. 129 at 7–13). In short, plaintiff recasts virtually every step defendants took in this litigation — at least insofar as he disagreed with said steps — as fraud. Moreover, his allegations — even if true — would constitute only fraud on the state court, not fraud on this Court. Rehashing of long-settled state law issues, however, cannot support a Rule 60(d) motion here, nor can plaintiff use Rule 60(d) as a procedural vehicle to relitigate his eviction on the merits in federal court.

Plaintiff also requests "an evidentiary hearing on the issue of the extrinsic frauds Attorney McKay has committed on the state court, the SF Sheriff's Dept., and the district court"

(Dkt. No. 126 at 23). Aside from the apparent desire to relitigate all his grievances, plaintiff offers no discernible rationale why fraudulent conduct *in state court* necessitates an evidentiary hearing here. Plaintiff also complains that the undersigned "allowed Attorney McKay to 'testify' as to the facts and law during oral argument and treated his unsworn statements as 'evidence' that [plaintiff] had been properly evicted and was 'vexatious'" (*id.* at 22). Plaintiff is wrong. Parties do not "testify" by speaking to facts and law during oral argument, and the Court's previous order dismissing plaintiff's case did not make factual findings regarding plaintiff's eviction or rely on attorney statements from oral argument as evidence.

In short, plaintiff has not shown fraud on the court by clear and convincing evidence or established entitlement to an evidentiary hearing on his allegations of fraud.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 28, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3