IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM, | |
| Plaintiff, | No. C 14-03250 WHA |
| v. | |
| KEVIN SINGER, *et al.*, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| Defendants. | |

## INTRODUCTION

Plaintiff moves for reconsideration of a prior order denying his motion to vacate judgment for fraud on the court. Reconsideration is **DENIED**.

## STATEMENT

Following a series of frivolous lawsuits and appeals in state court, plaintiff Archibald Cunningham, proceeding pro se, brought the instant action against defendants Kevin Singer, Michael Coombs, and John Scott McKay. His complaint included claims for civil rights violations, retaliatory eviction, and intentional infliction of emotional distress. A previous order granted defendants' motion to dismiss and declared plaintiff a vexatious litigant. Judgment was entered against plaintiff on the same day. Plaintiff moved for reconsideration pursuant to Rule 59(e). That motion was denied. Plaintiff then moved to vacate the judgment for fraud on the court pursuant to Rule 60(d)(3). That motion, too, was denied. Now, two years after entry of judgment, plaintiff moves for reconsideration of the order denying his motion to vacate the

1  judgment. After briefing closed, plaintiff submitted an amended motion. Since only the docket
2  text differs, but the substance of the motion is unchanged, this order references only the original
3  filing.

## ANALYSIS

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff does not present any newly discovered evidence or intervening change in controlling law that would warrant reconsideration of his motion to vacate the judgment against him. This motion boils down to plaintiff's disagreement with a prior order denying his motion to vacate the judgment for fraud on the court.

As stated in that order, fraud and "fraud on the court" are very different. Fraud on the court is a distinct species of fraud that must be shown by clear and convincing evidence and typically does not arise from "[m]ere nondisclosure of evidence," "perjury by a party or witness," or other mere fraud "connected with the presentation of a case to a court." *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011). In determining whether fraud constitutes fraud on the court, the relevant inquiry is whether it harmed the integrity of the judicial process. *Id.* at 444.

Plaintiff claims he sufficiently alleged fraud on the court and is therefore entitled to an evidentiary hearing to uncover the fraud, which not only Attorney John McKay and Receiver Kevin Stinger, but also — according to plaintiff — numerous judges are involved in (Compl. ¶ 8).

*First*, plaintiff did not present clear and convincing evidence of fraud on the court. This order reminds plaintiff — still a member of the State Bar — that legal conclusions are not evidence. For example, plaintiff claims his strongest argument for this motion is that the state court never litigated and adjudicated his eviction because his eviction occurred pursuant to a "fraudulently obtained EJ-130 writ" (Dkt. No. 135 at 6). Plaintiff's conclusory assertion that

2

the eviction occurred pursuant to a "fraudulently obtained EJ-130 writ" does not, however, constitute clear and convincing evidence of fraud on the court.

*Second*, even if plaintiff had clearly and convincingly showed fraud on a state court, plaintiff fails to explain how fraud on a *state court* would entitle him to an evidentiary hearing or vacate a judgment against him in *federal court*.

Despite plaintiff's endless list of grievances, there is no clear and convincing evidence in the record supporting plaintiff's claim of fraud on this Court. This order therefore declines to reconsider his motion to vacate the judgment. The Court has considered plaintiff's other arguments and they do not disturb the outcome of this order.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is **DENIED**. Please, no further motions for reconsideration will be entertained. Plaintiff's next recourse is to the court of appeals.

**IT IS SO ORDERED.**

Dated: January 17, 2017.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3